J-S29034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHICON JORDAN | : | |
| | : | |
| Appellant | : | No. 299 EDA 2021 |

Appeal from the PCRA Order Entered December 30, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000450-2014,
CP-45-CR-0000844-2014, CP-45-CR-0000846-2014,
CP-45-CR-0000847-2014

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED NOVEMBER 23, 2021**

Appellant, Shicon Jordan, appeals from the December 30, 2020 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.[1]

The PCRA court summarized the relevant procedural history of this case as follows:

> On January 28, 2015, [Appellant] was sentenced in the four captioned cases to an aggregate of 144 to 288 months in a state correctional institution, consecutive to a sentence previously imposed in case

---

[*] Former Justice specially assigned to the Superior Court.

[1] The record reflects that the Commonwealth has not filed a brief in this matter.

No. 2854 Criminal 2013 — a case not implicated or involved in the instant PCRA motion. The sentences in case Nos. 450 and 846 followed jury trial convictions; the sentences in case Nos. 844 and 847 were imposed based on closed guilty pleas. The pleas and sentences were negotiated between [Appellant] and the Commonwealth and approved by the Court.

[Appellant] did not seek reconsideration or, file direct appeals. Accordingly, the judgments of sentence became final on February 27, 2015.

The negotiated plea and sentencing agreement provided that the sentence imposed in Case No. 844 would run concurrent to all other sentences. The judgment of sentence issued on January 28, 2015 inadvertently omitted case No. 2854 Criminal 2013 as one of the cases to which the sentence in Case No. 844 was to run concurrent. Accordingly, on December 4, 2015, we issued an amended judgment which corrected the error and clarified that the sentence in Case No. 844 was concurrent to the sentence imposed in Case No. 2854 Criminal 2013 as well as other specified sentences.

On August 18, 2016, nearly 18 months after the judgments of sentence became final, [Appellant] filed a PCRA motion[, his first]. Since the Prior PCRA Motion was filed almost six months late and did not plead any exception to the one-year PCRA filing deadline, on August 26, 2016, we issued an order providing notice of our intent to dismiss the Prior PCRA motion as untimely. We incorporate that Order into this Order by reference.

Counsel was appointed and [Appellant] was given 40 days in which to object to dismissal, file an amended motion, or both. [Appellant] did not respond. Accordingly, on November 15, 2016, we issued an order dismissing the Prior [first] PCRA Motion. Counsel did not file an appeal.

On March 18, 2019, [Appellant] mailed a ***pro se*** second PCRA motion from jail. Subsequently, we

- 2 -

> issued an order which, among other things, appointed counsel, granted time for the filing of an amended PCRA motion, and directed the parties to address both jurisdictional timeliness filing issues and the law pertaining to second PCRA petitions.
>
> Subsequently, [Appellant] filed a counseled amended PCRA motion [on July 17, 2019]. After continuances were requested and granted, several hearings were held. Both parties submitted evidence, arguments, and briefs.

PCRA court opinion, 2/24/21 at 1-2 (parentheticals omitted).

Following evidentiary hearings, the PCRA court denied Appellant's petition on December 30, 2020. On January 28, 2021, Appellant filed separate, timely notices of appeal at each docket number, listing all four trial court docket numbers. That same day, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

Appellant filed a timely Rule 1925(b) statement on February 17, 2021. Thereafter, the PCRA court filed its Rule 1925(a) opinion on February 24, 2021, adopting its prior December 30, 2020 memorandum.

On May 18, 2021, this Court issued a rule to show cause why the appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). On May 19, 2021, Appellant filed a response to the rule to show cause. On June 11, 2021, this Court entered an order discharging the rule to show cause and referring this issue to the merits panel.

Prior to our consideration of the merits of this appeal, we must address whether Appellant's notice of appeal complied with the requirements set forth in Pennsylvania Rule of Appellate Procedure 341(a) and *Walker*. In *Walker*, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 185 A.3d at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018.

In the instant case, Appellant's notices of appeal were filed on January 28, 2021, and therefore, the *Walker* mandate applies. This appeal was of a single order resolving issues arising on all four docket numbers. A review of the record demonstrates that appellant filed separate notices of appeal at each docket number; however, the notices of appeal referenced all four docket numbers in their respective captions.

A recent *en banc* panel of this Court held that such a practice does not invalidate Appellant's separate notices of appeal. *Commonwealth v. Johnson*, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020). Accordingly, we turn to the merits of Appellant's appeal.

Appellant raises the following issues for our review:

> 1. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding [Appellant's] PCRA petition was not timely filed?
>
> 2. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding

[Appellant's] prior counsel was not ineffective in failing to amend his [PCRA] petition or failing to respond to the motion to dismiss his [PCRA] petition?

3. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding [Appellant's] prior counsel was not ineffective in failing to notify [Appellant] that he was not going to respond to the motion to dismiss or file an amended [PCRA] on his behalf?

4. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding [Appellant] was not induced to enter into a plea under duress when he was not guilty of the crime?

5. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding [Appellant's] prior counsel did not fail to investigate the case?

6. Whether the [PCRA] court erred as a matter of law and abused its discretion in finding [Appellant's] prior counsel was not ineffective for failing to file an appeal regarding an excessive sentence?

Appellant's brief at 4-5.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the

PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on February 27, 2015, when the 30–day time period for filing a direct appeal to this Court expired. ***See id.*** Accordingly, Appellant had until February 27, 2016 to file a timely PCRA petition. ***Id.*** at § 9545(b)(1). Appellant's instant PCRA petition was filed March 18, 2019, more than four years after his judgment of sentence became final, and is patently untimely. Accordingly, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)  the failure to raise the claim previously was the result of interference by government officials

- 6 -

> with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant invokes the "newly-discovered facts" exception to the PCRA time-bar and argues that he is entitled to a new trial based upon his purported discovery that he was abandoned by his prior PCRA counsel[2] during the pendency of his first PCRA petition. Appellant's brief at 14, 18-19, 31. We disagree.

To be eligible for relief on a claim of newly-discovered evidence, a PCRA petitioner must plead and prove by a preponderance of the evidence that the evidence:

---

[2] The record reflects that Appellant was represented during his first PCRA by Brian S. Gaglione, Esq.

(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa.Super. 2012) (citation omitted).

Our supreme court has recognized that attorney abandonment constituting ineffectiveness *per se* may constitute a factual basis for the "newly discovered facts" exception. In *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), our supreme court stated that:

> [T]he principle . . . that PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered "fact" for purposes of application of the subsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar, has no application in cases where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims.

*Id.* at 1030.

Nonetheless, a petitioner invoking the ineffectiveness *per se* of his prior PCRA counsel under subsection 9545(b)(1)(ii) is still required to plead and prove that: (1) he filed his petition within the applicable time frame provided by subsection 9545(b)(2) – in this case, one year – of when he was able to first present his claim; and (2) that he could not have presented the claim earlier through the exercise of due diligence. *See id.* at 1130-1031 (finding that a petitioner's second PCRA petition, based on ineffectiveness *per se* of his prior PCRA counsel, was timely when filed within 60 days of when petitioner

received a copy of Court's order quashing the appeal of his first, untimely-filed PCRA petition).

Here, our review of the record reveals that Appellant failed to file his instant PCRA petition invoking the newly-discovered fact exception within one year of the date the claims **could have been** presented, as required by Section 9545(b)(2). Appellant has also failed to prove that could not have presented the claim earlier through the exercise of due diligence.

As recognized by the PCRA court,

> the record, including the docket and [Appellant's] own testimony and exhibits, demonstrates that [Appellant] was served with the Order dismissing the Prior PCRA Motion. Thus, in late November, 2016, [Appellant] became aware that his motion had been denied. The evidence presented similarly demonstrates that at some point shortly thereafter, [Appellant] became aware through communications with appointed counsel that appointed counsel had not filed anything on his behalf. At the latest, [Appellant] absolutely became aware that no action had been taken on December 7, 2017, when our Clerk of Courts sent [Appellant], at [Appellant's] written request, a copy of the docket sheet. A docket sheet printed and mailed that day would have confirmed that the Prior PCRA Motion had been denied and shown that appointed counsel had not filed an objection or other response to the Notice of Intent Dismiss, submitted an amended PCRA motion, filed an appeal, or taken any other action of record on behalf of [Appellant]. Nonetheless, the instant PCRA motion was not filed until March 18, 2019, two years and three months after the docket sheet brought or in the exercise of due diligence should have brought to his attention the omissions of appointed counsel.

> . . . .

> In-between the time [Appellant] received the docket sheet and the filing of the instant PCRA motion, [Appellant] attempted to file ***pro se*** appeals, out-of-time without permission, from the order dismissing the Prior PCRA Motion. However, those attempts were not made until well after the [one-year] filing period expired. In fact, the instant PCRA was not filed until more than one year after the Superior Court returned to our Clerk's Office a ***pro se*** appeal [Appellant] attempted to untimely file directly in the Superior Court. Simply, while [Appellant] caused some docket activity, his actions were untimely and not diligent.

PCRA court opinion, 2/24/21 at 8-9.

Under Section 9545(b)(1)(ii), "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires **reasonable efforts by a petitioner**, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Brown***, 141 A.3d 491, 506 (Pa.Super. 2016) (citation omitted; emphasis added). Clearly, appellant failed to undertake reasonable efforts in this instance.

Based on the foregoing, we find that Appellant has failed to demonstrate that his untimely petition satisfies the newly-discovered fact exception to the statutory one year time-bar.

Appellant also argues that the untimeliness of the instant PCRA petition should be excused due to the ineffectiveness of his prior counsel with respect

to his guilty plea, investigation of the case, and sentencing.[3]  **See** Appellant's

brief at 31-32.  We find that such relief is impermissible.

Courts in this Commonwealth have long recognized that there is no

statutory exception to the PCRA time-bar applicable to claims alleging the

ineffectiveness of prior counsel.  As our Supreme Court has explained:

> It is well settled that allegations of ineffective
> assistance of counsel will not overcome the
> jurisdictional timeliness requirements of the PCRA.
> **See Commonwealth v. Pursell**, [749 A.2d 911,
> 915-916 (Pa. 2000)] (holding a petitioner's claim in a
> second PCRA petition, that all prior counsel rendered
> ineffective assistance, did not invoke timeliness
> exception, as "government officials" did not include
> defense counsel); **see also Commonwealth v.
> Gamboa-Taylor**, [753 A.2d 780, 785-786 (Pa.
> 2000)] (finding that the "fact" that current counsel
> discovered prior PCRA counsel failed to develop issue
> of trial counsel's ineffectiveness was not after-
> discovered evidence exception to time-bar)[.]

**Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citation

formatting amended).

To allow Appellant to raise new claims of prior counsel's ineffectiveness

more than four years after his judgment became final directly conflicts with

the legislative mandate of Section 9545(b)(1) of the PCRA.  **See**

**Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (stating that the

PCRA places time limitations on claims, and in doing so, "strikes a reasonable

_____

[3] The record reflects that Appellant was represented at trial by Chandra V. Bliece, Esq.

- 11 -

balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction"), ***cert. denied***, 572 U.S. 1039 (2014).  The fact that Appellant frames some of his issues as alleging the ineffectiveness of prior counsel simply does not overcome this Court's lack of jurisdiction to address them.

Accordingly, for all the foregoing reasons, we discern no error on the part of the PCRA court in dismissing Appellant's second petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021